41 N.J. Super. 545 (1956)
125 A.2d 568
COUNTY OF BERGEN, PLAINTIFF,
v.
THE BOROUGH OF RUTHERFORD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; THE COUNCIL OF THE BOROUGH OF RUTHERFORD; JULIAN C. GREEN, IN HIS CAPACITY AS MAYOR OF BOROUGH OF RUTHERFORD; EDWIN E. BIGELMAN, IN HIS CAPACITY AS CHIEF OF POLICE DEPARTMENT OF BOROUGH OF RUTHERFORD, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 6, 1956.
*546 Mr. Milton T. Lasher, attorney for the plaintiff.
Mr. Oliver T. Somerville, attorney for the defendants.
LEYDEN, A.J.S.C. (orally).
In 1953 the Legislature passed chapter 354 of the laws of that year, which is presently found in R.S. 40:67-16.1, "An Act authorizing certain municipalities to provide by ordinance for a system of truck routes in such municipalities." That act provides that the governing body of any municipality may, by ordinance, establish a system of truck routes in such municipality, subject to the provisions of this act. Pursuant thereto, the Borough of Rutherford passed and adopted at a regular meeting held on October 18, 1955 an ordinance known as Ordinance No. 1701, entitled "An Ordinance Establishing *547 a System of Truck Routes in the Borough of Rutherford," and the ordinance which I have before me purports to establish such a system of truck routes and closely follows the wording of the statute.
In establishing this system of truck routes, the borough did so, I assume, and I take it to be the fact, after making an extensive investigation of the situation. Selected as one of the proposed routes was a north and south bound avenue called Jackson Avenue and Riverside Avenue, and it apparently is a continuous street with two names, which substantially runs along the east side of the Passaic River, at least as far as Vanderburg Avenue. They also selected Rutherford Avenue, which is the east and west street which, to all intents and purposes, divides the Borough of Rutherford from the Township of Lyndhurst; Union Avenue, from the Passaic River to Jackson Avenue; Erie Avenue, which is substantially on the border of the borough, and a short piece of Meadow Avenue from Erie Avenue to Route 17.
The design of the system of truck routes apparently is that it runs counter-clockwise almost around the borders of the borough, and the streets which they have picked out to establish this system of truck routes are all admittedly county roads, commonly known as such  roads which the County of Bergen has the obligation and duty of maintaining under that statute which is Revised Statute 27:16-1 et seq.
By the ordinance the borough seeks to control or regulate truck traffic on these county roads, at least to the extent of making all of the aforementioned roads one-way, with the exception of Rutherford Avenue and a small segment of Union Avenue between Riverside Avenue and Jackson Avenue. Under the ordinance no truck of more than four tons gross weight, with load, may use any of the streets except for the special purposes set forth in the statute  also provided for in the ordinance  such as making deliveries or acquiring loadings of merchandise.
The County of Bergen, learning of the passage of the ordinance, instituted this review in lieu of the old prerogative writ of certiorari to have the ordinance declared illegal *548 and set aside insofar as it purports to regulate county roads within the Borough of Rutherford, and also seeks an injunction restraining the defendants, the Borough of Rutherford, the common council of the borough, and the mayor and the chief of police, from enforcing the provisions of the ordinance.
By the pretrial order the sole question for determination is the legality of this ordinance No. 1701, which I take it is the most complete and comprehensive way of stating a legal question, embracing everything.
The county contends that the passage of this ordinance is beyond the power of the municipality because it prohibits trucking on certain county roads within the borough, and that the ordinance is ultra vires, illegal and void, and in direct contradiction with the statutory power and duty conferred upon the county by Title 27 and Title 40, and, I myself may add, Title 39 of the Revised Statutes.
On the other hand, the defendant municipality contends that it has full and complete authority to create by this ordinance a system of truck routes under the law passed in 1953, and that it is also vested with authority to regulate the movement of traffic over the streets within its boundaries.
The statute of 1953 purporting to grant municipalities the power to establish these truck routes could have been more artistically drawn, but I am convinced that the statute must be read in connection with R.S. 39:4-197, 198, 199, 201 and 202, all being of equal materiality in the regulation of traffic on public streets. And even without reading those statutes and putting them together, it seems to me that since the county, in Title 27, has the duty and obligation of maintaining the county roads, implicit therein is some power to regulate, at least to the point of the maintenance of the roads. Then again, if each separate municipality in Bergen County, which contains 70 municipalities, were to pass conflicting ordinances establishing truck routes, the county road system would be completely and ultimately destroyed in a very short time. All of this leads me to the conclusion that the Borough of Rutherford is without *549 the power to pass this ordinance regulating truck traffic on county roads, unless and until that regulation is not only approved by the county but also by the Director of Motor Vehicles under R.S. 39:4-202. Since it is agreed that the ordinance was never submitted to the Director of Motor Vehicles for his approval, and does not contain his approval, for that reason alone I think it is invalid. In addition, since it is in the exercise of police power, the ordinance seems to me unreasonable in its limitation of the right to use the public roads through Rutherford for a small class of motorists, to wit, the owners of trucks over four tons.
I also am of the opinion that this statute, L. 1953, c. 354, must of necessity  and it must have been the Legislative intention  grant municipalities the power to establish truck routes only over such streets in the municipality as are within the exclusive jurisdiction of that municipality, and does not apply to state highways or to county roads running through it. For those reasons I will grant the relief sought by the county and set aside the ordinance. There is no necessity for restraining the officials because they now have no ordinance to enforce.
I do not think there should be any costs.